IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>            Plaintiff,<br><br>    vs.<br><br>PM AFFORY,<br><br>            Defendant. | CRIMINAL CASE NO. CF0754-24<br><br>DECISION AND ORDER:<br>ON DEFENDANT'S EX PARTE MOTION<br>FOR BAIL REDETERMINATION<br>HEARING |

This matter came before MAGISTRATE JUDGE SEAN E. BROWN on November 26, 2024 on a hearing to address Defendant's *Ex Parte* Motion for Bail Redetermination Hearing. Attorney Alisha Molyneux represented Defendant. Assistant Attorney General Kathleen O'Neil represented the People of Guam. The Court ruled from the bench denying the motion. After having heard the Parties' arguments, considering the Parties' pleadings and the record, the Court now issues the following written Decision and Order documenting the ruling.

## BACKGROUND

Defendant filed the motion on November 22, 2024. The People of Guam then filed an Opposition on November 25, 2024.

## DISCUSSION

### I.    Courts Considerations

The Court considered a request by the Defense for any form of release outside of incarceration.

The Court looks to statutory guidance provided under 8 GCA §§ 40.15 and 40.20 when deciding the issue of release conditions. In consideration of the request, the Court learned that the Victim was an adjacent neighbor to the Defendant at the time of the alleged offense and she is still in fear according to the People of Guam's representative. The Court also learned that Defendant may be able to qualify for Electronic Monitoring, however that residence would be adjacent to the Victim and the Court believes the proximity will create a situation that is too likely

to result in a violation or danger to the Victim based on Defendant's ORAS score, history and the facts within the declaration attached to the Magistrates Complaint.

As a result, the Court will not Grant Defendant's release at this time. At the hearing, the Court indicated that Electronic Monitoring, if approved by probation, would be appropriate for Defendant's release if he will reside further away from the Victim. The Court would also consider Third Party Custodian (TPC) based release at a residence further away from the Victim. The Court also reduced the amount of cash bail required to $1,500 due to the age of Defendant's criminal history and compliance with prior probation periods. The Court would be satisfied with Defendant's ability to return to Court and the Victim's safety if: Defendant resides at a house far away from the Victim, paid the cash bail, has two TPC's or a combination of these conditions.

Defendant shall continue to have no form of contact with the Victim.

## CONCLUSION

The Court, therefore, DENIES Defendant's Motion.

So ORDERED this 3rd day of December, 2024.

_____
HONORABLE SEAN E. BROWN
MAGISTRATE JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**

acknowledge that an electronic Copy of the original was e mailed to

*AG, DSC*

Date *12/3/24* Time *3:10pm*

*Albert Colder an*

Deputy clerk, Superior Court of Guam